### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| ANDREA ELSHARIF and SURAYYAH | ) | |
| SEIF ELSHARIF, as Co-Personal | ) | |
| Representatives for the estate of SEIF | ) | |
| ELSHARIF, and SAMIRAH REALTY, LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-189-JVB-JEM |
| | ) | |
| EMAD ABED, | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on a Second Motion to Remand and for Costs and Expenses Caused by Improper Removal [DE 4] filed by Plaintiffs on July 15, 2022.

Plaintiffs initiated this cause of action by filing a Complaint to Quiet Title in Lake County, Indiana, Superior Court on May 11, 2021. The case was assigned case number 45D11-2105-CT-000459, and the Court takes judicial notice of the public docket of that case.

Named as defendants were Emad Abed, who remains a defendant, and John F. Askwith, who was dismissed on June 23, 2021, before Abed appeared in the case. Abed appeared on July 30, 2021, and filed his answer and counterclaims on September 7, 2021.

On May 9, 2022, Abed, who has been litigating *pro se* in this Court, removed the action to this federal court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332 and arguing that the case was removable due to the filing of Plaintiffs' amended complaint. The federal case was assigned case number 2:22-CV-124. Plaintiffs filed a motion to remand to state court.

The Court granted that motion and remanded the case to state court on June 3, 2022, finding that the case was removable when it was first filed in state court, so the filing of Plaintiffs' amended

complaint did not make the case newly removable such that a new 30-day window to remove the case opened when Defendant was served with a copy of the amended complaint. *Elsharif v. Abed*, No. 2:22-CV-124, 2022 WL 1963644, at *2-3 (N.D. Ind. June 3, 2022). The Court also found that there was no objectively reasonable basis for Defendant to seek removal so an award of costs to Plaintiff was proper.[1] *Id.* at *3.

On July 14, 2022, Defendant again filed a notice of removal in Lake County, Indiana, Superior Court case number 45D11-2105-CT-459, which caused the instant cause of action to be initiated. The next day, Plaintiffs filed the motion to remand, which the Court now grants.

## ANALYSIS

### A. Removal was Untimely

A civil action brought in state court can be removed to federal court if the federal court has original jurisdiction over the cause of action. 28 U.S.C. § 1441(a). Abed has alleged that the Court has original jurisdiction over this case due to diversity jurisdiction, which requires the case to be between citizens of different states with an amount in controversy of $75,000 or more. *See* 28 U.S.C. § 1332(a).

Section 1446 of Title 28 of the United States Code governs the procedure for removal of civil actions from state court to federal court. The statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The statute further provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

---

[1] The amount of the award is a matter still pending in case 2:22-CV-124.

2

be ascertained that the case is one which is or has become removable" but only if the case stated by the initial pleading is not removable. *Id.* § 1446(b)(3).

Defendant now claims that a new window to remove the case opened when he received service of Plaintiffs' answer to Defendant's amended counterclaim. This does not change the fact that the case was removable when it was filed, so no new 30-day window for removing the case opened due to the answer to the amended counterclaim. As the Court already found in the 2:22-CV-124 case, removal of this case to federal court is improper due to being untimely, and the case must be remanded to state court. *See Elsharif*, No. 2:22-CV-124, 2022 WL 1963644, at *2 (finding that the parties were diverse and the amount in controversy was met when the case was filed and that Defendant was served with a copy of the original complaint on June 8, 2021, so the window for removing the case had passed).

### B. Costs and Fees are Warranted

Plaintiffs request an award of costs under 28 U.S.C. § 1447(c), which provides "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A request for § 1447(c) fees can be made in a motion to remand, and the district court retains the jurisdiction to decide whether to award fees even when the case has been remanded to state court. *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. No showing of bad faith is required. *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 938 (N.D. Ill. 2017). "As a general rule, if, at the time the defendant filed [their] notice in federal court, clearly established law demonstrated that [they] had no basis for

removal, then a district court should award a plaintiff [their] attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

As with the Court's opinion and order in case 2:22-CV-124, the Court finds that Defendant lacked an objectively reasonable basis for seeking removal, so the Court awards to Plaintiffs against Defendant their reasonable costs and fees caused by Defendant's attempt to remove this case.

The Court also warns Defendant that further non-meritorious attempts to remove this case to federal court may lead to the Court imposing sanctions, including monetary sanctions, against him for abuse of process. *See* Fed. R. Civ. P. 11; *State of Wis. v. Missionaries to the Preborn*, 796 F. Supp. 389, 392 (E.D. Wis. 1992) (holding that district courts can impose Rule 11 sanctions based on removal petitions that constitute abuse of process even in absence of subject matter jurisdiction over the merits of the removed case).

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the Second Motion to Remand and for Costs and Expenses Caused by Improper Removal [DE 4] and **REMANDS** this case to Lake County Superior Court. Pursuant to 28 U.S.C. § 1447(c), the Court **AWARDS** Plaintiffs, against Defendant Emad Abed, their just costs and actual expenses, including attorney fees, incurred as a result of the removal. The Court **ORDERS** Plaintiffs to file a fee petition **on or before August 3, 2022**. Abed may file a response as to the amount of the fees sought (but not as to the Court's decision to award just costs and actual expenses) **on or before August 17, 2022**.

The Court **WARNS** Defendant that further non-meritorious attempts to remove this case to federal court may lead to the Court imposing sanctions, including monetary sanctions, against him for abuse of process.

SO ORDERED on July 21, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT