UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of SEIF ELSHARIF, and SAMIRAH REALTY, LLC,<br>    Plaintiffs,<br><br>    v.<br><br>EMAD ABED,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO.: 2:22-CV-189-JVB-APR<br>)<br>)<br>)<br>) |
| EMAD ABED,<br>    Counterclaimant,<br><br>    v.<br><br>ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of SEIF ELSHARIF, and SAMIRAH REALTY, LLC,<br>    Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on an Objection of the Entry of the Opinion and Order Dated 7/21/22 [DE 8] and on Defendant's Motion for Leave and Reconsideration [DE 9], both of which were filed by Defendant Emad Abed, *pro se*, on July 26, 2022.

Defendant filed a notice of appeal on July 27, 2022. Usually, the filing of a notice of appeal divests the district court of jurisdiction, but one of the few exceptions to this general rule leaves jurisdiction with the district court when the appeal is made from an order that is not a final appealable judgment within the meaning of 28 U.S.C. § 1291. *See Armstead v. HSBS Card Servs.*, 935 F. Supp. 2d 907, 908 (C.D. Ill. 2013) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Rucker v. Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986); *Ruby v. Sec'y of*

*U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966)). On many occasions, the Seventh Circuit Court of Appeals has held that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is not reviewable on appeal. *See, e.g.*, *The Northern League, Inc. v. Gidney*, 558 F.3d 614 (7th Cir. 2009) (*per curiam*); *Rubel v. Pfizer, Inc.*, 361 F.3d 1016 (7th Cir. 2004); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354-55 (7th Cir. 2000); *In re Continental Casualty Co.*, 29 F.3d 292, 293 (7th Cir. 1994). Therefore, the Court can rule on Defendant's objection and motion for reconsideration despite the notice of appeal.

Defendant believes that the Court was wrong to remand this case to state court and asks the Court to reconsider that ruling. Even if the Court were inclined to do so, "it is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." *Woolsey v. Woolsey*, No. 2:22-CV-12-TLS-JPK, 2022 WL 363831, at *1 (N.D. Ind. Feb. 7, 2022) (quoting *City of Valparaiso v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987)); *accord Pickard v. Central States Se. and Sw. Areas Health & Welfare Fund*, No. 02-C-0282-C, 2003 WL 23104276, at *1-2 (W.D. Wis. Feb. 12, 2003); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [subject to exceptions not relevant here.]"). The docket for this case shows that a certified copy of the Court's remand order was mailed to the Lake County Superior Court on July 21, 2022. Therefore, the Court does not have jurisdiction to reconsider its order remanding this matter to state court.

Therefore, the Court hereby **OVERRULES for lack of jurisdiction** the Objection of the Entry of the Opinion and Order Dated 7/21/22 [DE 8] and **DENIES for lack of jurisdiction** Defendant's Motion for Leave and Reconsideration [DE 9].

SO ORDERED on August 8, 2022.

                                                s/ Joseph S. Van Bokkelen  
                                                JOSEPH S. VAN BOKKELEN, JUDGE  
                                                UNITED STATES DISTRICT COURT